PER CURIAM.-
| iDenied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S-Ct. 2052, 80 L.Ed.2d 674 (1984). We attach hereto and make a part hereof the District Court’s written opinion denying relator’s application.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-convic *1151 tion procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as- set out in La.C.Cr.P.' art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions- authorizing the filing of a successive application applies, relator has exhausted -his right to state collateral review. - The District Court is ordered to record a minute- entry consis1 tent with this per curiam.
STATE OF LOUISIANA v. KENNETH PALMER
Number: 263,518.
FIRST JUDICIAL DISTRICT COURT
CADDO PARISH, LOUISIANA
15 KH 1029
/s/ Patda Johnson
PAULA JOHNSON
DEPUTY CLERK OF COURT
Nov. 7, 2014.
OPINION
The Court has for consideration the Petitioner’s Application for Post Conviction Relief filed on August 30, 2013. For the following reasons, the Petitioner’s Motion for an Evidentiary Heaving associated with the application for Post-Conviction Relief is DENIED.
On November 5, 2009, Petitioner, Kenneth Palmer, was convicted of second degree murder and sentenced to serve life imprisonment at hard labor without the benefit of probation, parole or suspension of sentence. On appeal, the defendant’s conviction .and sentence were affirmed. State v. Palmer, 57 So.3d 1099, 45,627 (La.App. 2 Cir. 01/26/11), writ denied, 68 So.3d 26, 2011-0412 (La.9/2/11).
In his application for post-conviction re: lief, Petitioner alleges ineffective assistance of counsel for failure to call an available incarcerated witness and' failure to allow Petitioner to 1 testify at trial. To succeed on an ineffective assistance of counsel claim, Petitioner must first satisfy the test set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner must show that counsel’s performance was deficient, that the deficiency prejudiced him, and that counsel’s error was so serious that it violated Petitioner’s right to effective assistance of counsel as guaranteed by the Sixth Amendment of the U.S. Constitution. Id. at 686, 104 S.Ct. 2052. The Petitioner must prove actual prejudice before relief will be granted. It is not sufficient for the Petitioner to show the error had some conceivable effect on the outcome of the proceedings. Rather,- he must show that but for counsel’s unprofessional errors, there is a reasonable probability the outcome would have been different. Id. at 693,104 S.Ct. 2052. The performance and conduct of the defense attorney, must be evaluated from that counsel’s perspective at the time of the occurrence. Petitioner has not met his burden under Strickland of showing a different outcome. Decisions regarding trial strategy are within the discretion of the trial counsel. Here the Petitioner merely makes unsupported allegations of ineffective assistance of counsel. Petitioner has not met his burden of proof pursuant, to Louisiana Code of Criminal Procedure article .930.2.
Additionally, in accordance with La. Code of Criminal Procedure Article 930.4, *1152 where an -application for post ■ conviction relief alleges a claim of which the Petitioner had knowledge and inexcusably failed to raise in the proceedings leading to conviction, the court may deny relief. The limitations on prosecution alleged by the Petitioner should have been acknowledged in proceedings leading to conviction. Petitioner should. include reasons why this claim was not presented at trial or on appeal. Accordingly, Petitioner’s Application for Post Conviction Relief filed August 30, 2013 is DENIED.
The Clerk of Court is directed to mail a copy of this Ruling to the Petitioner, his custodian and the District Attorney.
OPINION RENDERED, READ AND SIGNED, this 7th day of November, 2014, in Shreveport,'Caddo Parish, Louisiana,
/s/ John Mosely, Jr.
JOHN MOSELY, JR. DISTRICT JUDGE